UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 03-10405-RCL |
| SADIE CAMILO,<br>         Defendant. | ) ) ) ) | |

## MOTION TO AMEND JUDGMENT

The United States of America (the "government") hereby respectfully requests this Honorable Court to enter an Amended Judgment in the above captioned matter, revising the Judgment entered on July 21, 2005, in one minor respect: <u>i.e.</u>, to move the Court's order committing the defendant, Sadie Camilo, to serve six (6) weeks at the Women in Transition Center in Salisbury, Massachusetts, from the "Imprisonment" section of the Judgment to the "Supervised Release" section of the Judgment. In support of this motion, the government states as follows:

1. On July 19, 2005, the parties appeared before this Honorable Court for a hearing regarding nine (9) violations of the defendant's conditions of supervised release. The defendant did not contest the violations, but the parties disagreed as to the appropriate sanction.

2. After hearing, the Court ordered (*inter alia*) the defendant to serve six (6) weeks at the Women in Transition Center in Salisbury, Massachusetts, followed by a term of four (4) months in home detention with electronic monitoring. The Court memorialized this sentence in a Judgment dated July 21, 2005.

3. After the Court announced its sentence at the July 19th hearing, counsel for the defendant informed the Court that the defendant intends to take college classes this fall, and requested that the Court order Probation to obtain a bed for the defendant as soon as possible so that the 6-week term at the Women in Transition Program does not interfere with the defendant's college curriculum.

4. After consulting with the Probation Officer present at the hearing (Probation Officer Carmen Wallace), the Court ordered the defendant to self-report as directed by Probation, but no later than three (3) weeks from the date of the hearing (July 19, 2005) – <u>i.e., by August 9, 2005.</u>

5. According to the government's conversations with Probation, the United States Bureau of Prisons ("BOP") unexpectedly directed the defendant to serve her term of six (6) weeks imprisonment at a correctional facility in Philadelphia, Pennsylvania, rather than at the Women in Transition Center in Salisbury, Massachusetts. The BOP informed Probation that the BOP no longer designates defendants to half-way houses (such as the Women in Transition Center) for periods of <u>imprisonment</u>. As such, according to Probation, the only way to ensure that the defendant serves six (6) weeks at the Women in Transition Center is to amend the judgment such that the <u>six (6) week term at the Women in Transition Center appears as a special condition of supervised release</u> rather than a term of imprisonment.

6. In light of this unexpected development, counsel for the government (after consulting with Probation Officer Craig Orze, who is handling this matter while Probation Officer Carmen Wallace is on vacation) assented to a Motion to Stay

      Execution of the Judgment, which the defendant filed on August 9, 2005, with the judge on "emergency duty" last week, the Honorable Richard G. Stearns.

7.     The government now requests that the Judgment be amended as discussed above. Undersigned counsel consulted with defense counsel before filing this motion. It is the government's understanding that counsel for the defendant opposes this motion because the six (6) week term will interfere with the defendant's schedule for college classes this fall. The government objects to any revision in the actual sentence imposed by this Honorable Court, however, because: (i) the Court allowed Probation until Tuesday, August 9, 2005 to secure a bed at the Women in Transition program; (ii) on Friday, August 5, 2005, however, the government discovered that the BOP intended the defendant to serve her term of imprisonment at a facility in Pennsylvania, at which time the government and Probation immediately agreed to stay execution of the judgment until this Honorable Court was available to address this matter; (iii) the original sentence imposed by the Court is a fair and appropriate sentence; and (iv) the Women in Transition Center has informed Probation Officer Orze, that upon presentment of proof of college enrollment (to both Probation and to personnel at the Women in Transition Center), the defendant will be free to leave the Women in Transition Center to attend any and all classes in which she is enrolled.

WHEREFORE, the government respectfully requests that this Honorable Court amend the Judgment entered on July 21, 2005, such that the six-week term at the Women in Transition Center be removed from the "Imprisonment" section of the judgment, and entered as a special condition of Supervised Release.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                              By:    /s/ Lisa M. Asiaf
                                    LISA M. ASIAF
August 15, 2005                     Assistant U.S. Attorney
                                    Tel:  (617) 748-3268

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Carl Donaldson, Esq., counsel for the defendant, a true and accurate copy of the foregoing document by email (as requested by Attorney Donaldson).  This also certifies that undersigned counsel advised Attorney Donaldson by telephone on August 15, 2005, at approximately 5:00 p.m., that any opposition to this motion is due by 12:00 noon on August 16, 2005 (as instructed by Court staff).

This 15th day of August 2005.

                                          /s/ Lisa M. Asiaf
                                          LISA M. ASIAF
                                          ASSISTANT UNITED STATES ATTORNEY